UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICKY BARFIELD, | ) | |
| --- | --- | --- |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV2201 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Movant Ricky Barfield brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Barfield was sentenced to 120 months imprisonment following his plea of guilty to two counts of distribution of cocaine base. In the plea agreement Barfield waived his right to appeal, and he did not file an appeal. After the crack cocaine sentencing guidelines were amended, he filed a motion to reduce his sentence under 18 U.S.C. § 3582(c), and I granted the motion and reduced his sentence to 103 months.

As his grounds for § 2255 relief, Barfield alleges that his sentencing guidelines were miscalculated and that his counsel was ineffective for failing to appeal. After careful consideration, I will deny the motion to vacate.

## Factual Background

Counts I and II of the indictment charged Barfield with separate instances of knowingly and intentionally distributing a mixture of substance containing more than five grams of cocaine base (crack cocaine). The incidents occurred on October 6, 2003, when Barfield sold an informant 27.7 grams of crack for $1,100, and on October 15, 2003, when he sold an informant 41.4 grams of crack in exchange for $1,600. He admitted these offenses at his guilty plea on November 23, 2004, and agreed that the quantity of cocaine base or crack that he sold on the two dates was 69.1 grams. Each count carried a five year mandatory minimum sentence. As part of the plea negotiations, the government agreed not to file an enhancement charging a prior drug conviction, which would have increased the mandatory minimum sentences to 10 years on each count.

The plea agreement contained a waiver of appeal, in which both the government and Barfield waived their rights to appeal the sentence so long as I followed their recommendations about the sentencing guidelines and sentenced him within the guidelines range that resulted from the recommendations. At the plea I asked Barfield if he understood that he was waiving his right to appeal, and he stated that he understood. He also stated that he was satisfied with his counsel's representation.

In the plea agreement the parties recommended that the base offense level was 32 under U.S.S.G. § 2D1.1(c)(4), because the relevant conduct was more than 50 grams and less than 150 grams. They recommended that no other adjustments should be applied, except that defendant should receive the full three levels off for acceptance of responsibility under § 3E1.1 of the guidelines. The presentence report concluded that these were the correct guidelines calculations, and so concluded that there was a total offense level of 29, consistent with the parties' recommendation. Barfield had a criminal history category of V, so his guidelines range was 140 to 175 months.

Barfield filed one objection to the presentence report, which was an argument that his criminal history category overstated the seriousness of his criminal background, and which argued that under *United States v. Booker*, 543 U.S. 220 (2005), the court should sentence him below the 140 months that was the bottom of the guidelines range. I overruled the objection to the criminal history calculation, but I agreed to exercise my discretion under *Booker* to sentence Barfield below the guidelines range, and I imposed a 120 month sentence.

## Discussion

1. **Alleged Guideline Calculation Error**

Barfield argues that the grouping requirements under the Sentencing

Guidelines were not followed.  In fact, the two counts were grouped under § 3D1.2(d), and the drug quantities were added together for the total quantity of 69.1 grams, which he admitted at the plea.  He now argues that this should have been "only one sole conviction for the total amount of drug weight."  He then argues that only the quantity of drugs he sold in the second transaction should have been counted, so there would only be a base offense level of 28, instead of 32.  He also argues that the government should have indicted him after the first sale, or that the government should have agreed to dismiss the second count when he agreed to plead guilty to the first.

Barfield waived all these objections.  He stated under oath at the plea that he understood and agreed to the sentencing guidelines recommendations.  He stated under oath that he had discussed the plea agreement with his counsel and was satisfied with counsel's representation.  He never objected to the offense level calculations.  His argument that the government should have only charged him with one crime when he admits that he committed two crimes simply makes no sense.  Barfield also waived his right to file a § 2255 motion except for ineffective assistance of counsel claims and claims of prosecutorial misconduct.  He has waived the right to make these arguments several different ways.

Additionally, the guidelines calculations, and the way the counts were

grouped, are correct. The drug quantities were added together and he was sentenced based on the combined quantity. That is what § 3D1.2(d) required, and that is how the calculations were done.

### 2.  **Ineffective Assistance of Counsel**

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The United States Supreme Court has further recognized that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of an attorney's performance must be highly deferential, and the courts employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.

Second, in order to prove ineffective assistance of counsel, a defendant must show prejudice as a result of counsel's ineffectiveness. A defendant must show

that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). To show ineffective assistance of counsel in the context of a guilty plea, a movant must establish: (1) counsel's performance fell below the *Strickland* standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

If a criminal defendant specifically instructs his attorney to file a notice of appeal, it is professionally unreasonable for counsel not to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). The failure of an attorney "to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as required for other § 2255 petitions. *Watson v. United States*, 493 F.3d 960 (8th Cir. 2007). However, it is the movant's burden to show that he instructed counsel to file such a notice.

Counsel here has filed an affidavit stating that he discussed the waiver of appeal issue with Barfield, and that Barfield never requested that he file a notice of appeal. This is entirely consistent with Barfield's statements to me, both at the

plea, when he stated he understood the waiver of appeal, and more importantly, at sentencing, when he stated that he had no objections to the presentence report, other than the argument that his criminal history was overstated. If he had wished to appeal the sentencing guidelines calculations, he would have been required to preserve the objection by making it at sentencing. His statement to me that he did not have any such objections, along with his waiver of appeal, lead me to credit counsel's statement that Barfield never asked him to file a notice of appeal. I will therefore deny the claim of ineffective assistance of counsel.

"An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief." *Larson v. United States*, 905 F.2d 218, 221 (8th Cir. 1990) (quoting *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989)). This is such a case, and no hearing is needed. Barfield's statements at this guilty plea and sentencing constitute a formidable barrier in this § 2255 action. *See United States v. Unger*, 635 F.2d 688, 691 (8th Cir. 1980).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside or correct sentence [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of

appealability, as movant has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2009.